**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| DELONTEE SMOTHERS, | : | |
| | : | Civil Action No. 09-4241 (NLH) |
| Plaintiff, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| DANIEL QUILLIN, | : | |
| | : | |
| Defendant. | : | |

**APPEARANCES:**

Plaintiff <u>pro se</u>
Delontee Smothers
FCI Fairton
P.O. Box 420
Fairton, NJ  08320

**HILLMAN**, District Judge

Plaintiff Delontee Smothers, a prisoner confined at the Federal Correctional Institution at Fort Dix, New Jersey, seeks to bring this action <u>in forma pauperis</u> pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights.  Based on his affidavit of indigence and the absence of three qualifying dismissals within 28 U.S.C. §1915(g), the Court will grant Plaintiff's application to proceed <u>in forma pauperis</u> pursuant to 28 U.S.C. § 1915(a), solely for purposes of filing this Complaint and transferring it to the proper court.  Because it appears that venue does not lie in this District, the Court will leave for the

transferee court the determination whether Plaintiff should be granted leave to proceed in forma pauperis in that court.

## I. BACKGROUND

The following factual allegations are taken from Plaintiff's Complaint and exhibit and are accepted as true for purposes of this review.

On October 17, 2006, Plaintiff pleaded guilty to one count of Armed Carjacking and one count of Robbery, pursuant to a plea offer which he had accepted on October 13, 2006. See United States v. Smothers, Docket No. 2005 FEL 6971 (D.C. Super.). Plaintiff was represented, in connection with that plea, by Daniel Quillin of the Public Defender Service for the District of Columbia, located at 633 Indiana Avenue, N.W., in the District of Columbia. On December 19, 2006, the Court granted Plaintiff's motion to withdraw his guilty plea because his attorney had failed to provide competent legal advice regarding the applicability of the Youth Rehabilitation Act.

On March 12, 2007, again represented by Mr. Quillin, Plaintiff entered a new guilty plea, to three counts of Armed Robbery. During Plaintiff's plea proceeding, the court ordered a Youth Act study. On May 4, 2007, Plaintiff was sentenced to the mandatory minimum of 180 months (60 months for each of the three counts of Armed Robbery).

Plaintiff moved to withdraw his second guilty plea, again on grounds of ineffective assistance of counsel; the trial court denied that motion.  Plaintiff is presently confined pursuant to the May 4, 2007 sentence.

Here, Plaintiff asserts that he was deprived of his Fifth and Sixth Amendment rights to effective assistance of counsel.  It is not clear whether he bases his claim on the first guilty plea, the second, or both.  Plaintiff asserts federal question jurisdiction pursuant to 28 U.S.C. § 1331.  He names Daniel Quillin as the sole defendant.  He seeks compensatory and punitive damages.

## II.  STANDARDS FOR A SUA SPONTE DISMISSAL

This Court must dismiss, at the earliest practicable time, certain in forma pauperis and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2) (in forma pauperis actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions).

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  The Court must

"accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).

Where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment.  Denton v. Hernandez, 504 U.S. 25, 34 (1992); Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000) (dismissal pursuant to 42 U.S.C. § 1997e(c)(1)); Urrutia v. Harrisburg County Police Dept., 91 F.3d 451, 453 (3d Cir. 1996).

### III.  ANALYSIS

The facts asserted in the Complaint raise the question whether this District Court is the proper venue for this action. See Chatman-Bey v. Thornburgh, 864 F.2d 804, 813-14 and n.10 (D.C. Cir. 1988) (a court may raise considerations of venue sua sponte); Garcia v. Pugh, 948 F.Supp. 20, 23 (E.D. Pa. 1996)(same).  See also 15 Charles Alan Wright, Arthur R. Miller and Edward H. Cooper, Federal Practice and Procedure § 3844 (2d ed.).

Pursuant to the general federal venue provision:

> ...
>
> (b) A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except

>     as otherwise provided by law, be brought only in (1) a
>     judicial district where any defendant resides, if all
>     defendants reside in the same State, (2) a judicial
>     district in which a substantial part of the events or
>     omissions giving rise to the claim occurred, ... or (3)
>     a judicial district in which any defendant may be
>     found, if there is no district in which the action may
>     otherwise be brought.

28 U.S.C. § 1391(b).

The only address given for the sole Defendant, Daniel Quillin, is in the District of Columbia.  All events giving rise to the claim apparently took place in the District of Columbia.  The only connection to the District of New Jersey is that Plaintiff is presently confined here, plainly an insufficient basis on which to lay venue in this District.

Pursuant to 28 U.S.C. § 1406(a), "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such cause to any district or division in which it could have been brought."  This Court will transfer this matter to the U.S. District Court for the District of Columbia.

IV.   CONCLUSION

For the reasons set forth above, this matter will be transferred to the U.S. District Court for the District of Columbia.  This Court expresses no opinion as to the merits or timeliness of this Complaint.

An appropriate Order follows.


At Camden, New Jersey                /s/NOEL L. HILLMAN
                                     Noel L. Hillman
                                     United States District Judge

Dated: April 1, 2010